# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEJUAN BROWN, #Y15741, and <br> MAJOR LAWLESS, <br><br> Plaintiffs, <br><br> vs. <br><br> PINCKNEYVILLE CORRECTIONAL DEPARTMENT, <br> RECORD LEBAL, <br> NICKI MINAJ, <br> ANTWON GLOVER, <br> FRACTURE TORTURE CLAIM, <br> ELITE STAFFING, and <br> TELECOMMUNICATORS OF TORTURE, <br><br> Defendants. | Case No. 18−cv−1737−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff DeJuan Brown, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently detained in Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint refers to torture, fractures, telecommunications, cell assignments, and his DNA being used by celebrities, among other unrelated things. (Doc. 1).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

1

**Discussion**

Under Rule 8 of the Federal Rules of Civil Procedure, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Rule 8 demands that a complaint "be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs. Inc.*, 20 F.3d 771, 776 (7th Cir. 1994). Here, Plaintiff's Complaint does not articulate any discernible claims and instead merely lists various statutes, apparently unrelated phrases, and numbers. (Doc. 1). Plaintiff attached medical records to his Complaint, as if to suggest his claims are related to his medical needs, but he has not stated a claim upon which relief may be granted based on these attachments alone. The Complaint will therefore be dismissed without prejudice to refiling.

Because they are not state actors, Record Lebal, Nicki Minaj, Antwon Glover, Fracture Torture Claim, Elite Staffing, and Telecommunicators of Torture will be dismissed with prejudice from this action. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Pinckneyville Correctional Department also will be dismissed with prejudice because it is a division of IDOC, and IDOC is immune from suit under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)).

Plaintiff Brown also appears to have mistakenly included Major Lawless as a *plaintiff* in this action. Because Lawless did not sign the Complaint, he will be dismissed without prejudice from this action pursuant to Rule 11 of the Federal Rules of Civil Procedure. If Plaintiff desires to include Lawless as a defendant in his amended complaint, he may do so.

**Pending Motions**

Plaintiff's Motion for Attorney Representation (Doc. 3) is **STRICKEN** pursuant to Federal Rule of Civil Procedure 11 because Plaintiff did not sign it.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that **MAJOR LAWLESS** is **DISMISSED** without prejudice from this action pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that **RECORD LEBAL**, **NICKI MINAJ**, **ANTWON GLOVER**, **FRACTURE TORTURE CLAIM**, **ELITE STAFFING**, **TELECOMMUNICATORS OF TORTURE**, and **PINCKNEYVILLE CORRECTIONAL DEPARTMENT** are **DISMISSED** with prejudice from this action for the reasons stated above.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support his claims, on or before **November 15, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form,

"First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1737-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its Section 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  October 15, 2018**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**